Megan N. Sandone
Allison G. Strickland
JERMAIN, DUNNAGAN & OWENS, P.C.
111 W. 16th Ave., Ste. 203
Anchorage, AK 99501
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
msandone@jdolaw.com
astrickland@jdolaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| L. SHANE LAND and CHRISTI ANGELO, individually and as the parents of T.L., a minor child, on behalf of themselves all those similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>MATANUSKA-SUSITNA BOROUGH SCHOOL DISTRICT, DAVID RUSSELL, ANGELA SNOW, and LAURA KELLY,<br><br>    Defendants. | Case No. 3:23-cv-00272-JMK |

## ANSWER

Defendants, Matanuska-Susitna Borough School District, David Russell, Angela Snow, and Laura Kelly, (hereinafter "Answering Defendants" or "District") by and through counsel, Jermain Dunnagan & Owens, P.C. hereby file their answer to Plaintiffs' Complaint. For answer to Plaintiffs' Complaint, Answering Defendants admit, deny, and allege as follows:

## PRELIMINARY STATEMENT

1.      With regard to paragraph 1 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein

2.      With regard to paragraph 2 of Plaintiffs' Complaint, Answering Defendants assert the paragraph contains conclusory statements for which no response is required.  To the extent a response is necessary, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein or otherwise deny the same.

3.      With regard to paragraph 3 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

4.      With regard to paragraph 4 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

5.      With regard to paragraph 5 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

6.      With regard to paragraph 6 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

7.      With regard to paragraph 7 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

8.      With regard to paragraph 8 of Plaintiffs' Complaint, Answering Defendants admit the first sentence.   The remaining allegations in paragraph 8 are conclusory

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 2 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 2 of 25

statements for which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

9. With regard to paragraph 9 of Plaintiffs' Complaint, Answering Defendants admit that jurisdiction is proper.

10. With regard to paragraph 10 of Plaintiffs' Complaint, Answering Defendants admit that venue is proper.

## PARTIES

11. With regard to paragraph 11 of Plaintiffs' Complaint, Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

12. With regard to paragraph 12 of Plaintiffs' Complaint, Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

13. With regard to paragraph 13 of Plaintiffs' Complaint, Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

14. With regard to paragraph 14 of Plaintiffs' Complaint, the paragraph makes a statement to which no response is required, but to the extent an answer is required, those allegations are denied.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 3 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 3 of 25

15.     With regard to paragraph 15 of Plaintiffs' Complaint, Answering Defendants admit that Matanuska-Susitna Borough School District is a borough school created and established by law under Alaska Statute 14.12.010 and provides educational services for more than 19,000 students. Except as admitted, the allegations contained in this paragraph are denied.

16.     With regard to paragraph 16 of Plaintiffs' Complaint, Answering Defendants admit that Defendant David Russell is employed by the District and is the principal of Shaw Elementary School in Wasilla. With regard to the remaining allegations of paragraph 16, Answering Defendants assert that the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, those allegations are denied.

17.     With regard to paragraph 17 of Plaintiffs' Complaint, Answering Defendants admit that Defendant Angela Snow is employed by the District and is a tutor advisor at Shaw Elementary. With regard to the remaining allegations of paragraph 17, Answering Defendants assert that the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, those allegations are denied.

18.     With regard to paragraph 18 of Plaintiffs' Complaint, Answering Defendants admit that Defendant Laura Kelly was employed by the District as a paraprofessional at Shaw Elementary School. With regard to the remaining allegation of paragraph 18, Answering Defendants assert that the allegation contained therein states a legal conclusion

{01460289}
ANSWER
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 4 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 4 of 25

to which no answer is required, but to the extent an answer is required, those allegations are denied.

19.    With regard to paragraph 18 of Plaintiffs' Complaint, Answering Defendants assert the paragraph makes a statement to which no response is required, but to the extent an answer is required, those allegations are denied.

## GENERAL ALLEGATIONS

### Alaska Law on the Restraint and Seclusion of Students

20.    With regard to paragraph 20 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

21.    With regard to paragraph 21 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

22.    With regard to paragraph 22 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

23.    With regard to paragraph 23 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 5 of 25

Case 3:23-cv-00272-JMK    Document 8    Filed 02/05/24    Page 5 of 25

24.     With regard to paragraph 24 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

25.     With regard to paragraph 25 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statement speaks for itself.

**MSBSD'S Policies on Restraint and Seclusion**

26.     With regard to paragraph 26 of Plaintiffs' Complaint, Answering Defendants admit the allegations contained therein.

27.     With regard to paragraph 27 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the policies speak for themselves.

28.     With regard to paragraph 28 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the policies speak for themselves.

29.     With regard to paragraph 29 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the policies speak for themselves.

30.     With regard to paragraph 30 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the policies speak for themselves.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 6 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 6 of 25

31. With regard to paragraph 31 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the policies speak for themselves.

32. With regard to paragraph 32 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the policies speak for themselves.

33. With regard to paragraph 33 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the policies speak for themselves.

34. With regard to paragraph 34 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the policies speak for themselves.

35. With regard to paragraph 35 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the policies speak for themselves.

36. With regard to paragraph 36 of Plaintiffs' Complaint, Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

**MSBSD's Use of Restraint and Seclusion on Disabled Students**

37. With regard to paragraph 37 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 7 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 7 of 25

38.     With regard to paragraph 38 of Plaintiffs' Complaint, Answering Defendants deny the accuracy of the number of reports alleged in this paragraph, and assert that the documents speak for themselves.

39.     With regard to paragraph 39 of Plaintiffs' Complaint, Answering Defendants deny the accuracy of the number of reports alleged in this paragraph, and assert that the documents speak for themselves.

40.     With regard to paragraph 40 of Plaintiffs' Complaint, Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

41.     With regard to paragraph 41 of Plaintiffs' Complaint, Answering Defendants deny the accuracy of the number of reports alleged in this paragraph, and assert that the documents speak for themselves.

42.     With regard to paragraph 42 of Plaintiffs' Complaint, Answering Defendants deny the first sentence of paragraph 42.  Answering Defendants assert the second sentence of paragraph 42 contain a legal conclusion to which no answer is required.  As to the last sentence of paragraph 42, Answering Defendants deny the allegations contained therein.

**Restraint and Seclusion Traumatizes Students**

43.     With regard to paragraph 43 of Plaintiffs' Complaint, Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 8 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 8 of 25

44. With regard to paragraph 44 of Plaintiffs' Complaint, the report speaks for itself.

45. With regard to paragraph 45 of Plaintiffs' Complaint, the statement speaks for itself.

46. With regard to paragraph 46 of Plaintiffs' Complaint, the statement speaks for itself.

47. With regard to paragraph 47 of Plaintiffs' Complaint, the allegations contained therein are the subject of expert opinion to which no answer is required, but to the extent an answer is required, those allegations are denied.

48. With regard to paragraph 48 of Plaintiffs' Complaint, the allegations contained therein are the subject of expert opinion to which no answer is required, but to the extent an answer is required, those allegations are denied.

49. With regard to paragraph 49 of Plaintiffs' Complaint, the allegations contained therein are the subject of expert opinion to which no answer is required, but to the extent an answer is required, those allegations are denied.

**MSBSD's Seclusions and Restraints of T.L.**

50. With regard to paragraph 50 of Plaintiffs' Complaint, Answering Defendants admits, based upon information and belief, that T.L. turned seven years old in March 2023. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 9 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 9 of 25

51.     With regard to paragraph 51 of Plaintiffs' Complaint, Answering Defendants admit the allegations contained therein.

52.     With regard to paragraph 52 of Plaintiffs' Complaint, Answering Defendants admit the allegations contained therein.

53.     With regard to paragraph 53 of Plaintiffs' Complaint, Answering Defendants admit that T.L. was put on a Behavioral Intervention Plan ("BIP") on March 25, 2022 and that the BIP states "[d]ue to the high frequency of aggressive behaviors the team will use reboot interventions for unsafe behaviors. Use accurate language when things are "not safe" and pre-teach the behaviors to [T.L.]. Behaviors are hitting/kicking others, eloping out of the classroom, throwing objects towards others and we added spitting because it was becoming pretty assaultive. To process out [T.L.] is calm first then chooses three physical activities from a visual menu (wall pushups, guided deep breaths, jumping jacks) and then discusses what behavior was unsafe and what he can do next time. I have made a visual to support this process." The remaining allegations, to the extent inconsistent with the foregoing, are denied.

54.     With regard to paragraph 54 of Plaintiffs' Complaint, Answering Defendants admit the allegations contained therein.

55.     With regard to paragraph 55 of Plaintiffs' Complaint, Answering Defendants admit the allegations contained therein.

56.     With regard to paragraph 56 of Plaintiffs' Complaint, Answering Defendants admit that Shaw Elementary has a seclusion room which the students named the "Zen

Den." Defendants are without knowledge of the precise measurements and materials of the Zen Den, and therefore deny dame. The remaining allegations are denied.

57. With regard to paragraph 57 of Plaintiffs' Complaint, Answering Defendants admit the photograph is of the Zen Den, but deny that "the stuffed animal is not typically in the room."

58. With regard to paragraph 58 of Plaintiffs' Complaint, Answering Defendants admit that T.L was in reboot eight times between August 30 and September 30, 2022. The remaining allegations are denied.

59. With regard to paragraph 59 of Plaintiffs' Complaint, Answering Defendants admit that T.L. was placed in seclusion 'off an on' for approximately 12 minutes on September 13, 2022, that the door was never shut for more than one minute at a time, and placement in seclusion was due to T.L. hitting, throwing objects, kicking, scratching, biting, threatening staff, and otherwise posing danger of physical injury to himself and staff. Defendants further admit that on the same date, T.L.'s special education teacher spoke at length with T.L.'s mother about the behavior and seclusion, but that the written report containing the statutory information which was discussed via telephone with T.L.'s mother was not provided to T.L.'s parent on the date of the incident. Defendant admits the IEP and BIP were not amended on September 13, 2022. The remaining allegations are denied.

60. With regard to paragraph 60 of Plaintiffs' Complaint, Answering Defendants admit that on October 14, 2022, T. L. was in seclusion off and on for approximately 26

{01460289}
ANSWER
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 11 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 11 of 25

minutes for kicking, hitting, spitting, scratching, stabbing, throwing objects, and otherwise posing danger of physical injury to himself and staff. Defendants further admit that on the same date, T.L.'s special education teacher spoke at length with T.L.'s father about the behavior and seclusion, but that the written report containing the statutory information which was discussed via telephone with T.L.'s father was not provided to T.L.'s parent on the date of the incident. The remaining allegations are denied.

61.     With regard to paragraph 61 of Plaintiffs' Complaint, Answering Defendants admit T.L was in reboot approximately 23 times between January 10 and March 2, 2023. The remaining allegations are denied.

62.     With regard to paragraph 62 of Plaintiffs' Complaint, Answering Defendant admits that on February 7, 2023, T.L. was in seclusion for two minutes when he punched a teacher in the stomach. Defendants further admit that on the same date, T.L.'s special education teacher spoke at length with T.L.'s parent about the behavior and seclusion, but that the written report containing the statutory information which was discussed in person with T.L.'s parent was not provided to T.L.'s parent on the date of the incident. The remaining allegations are denied.

63.     With regard to paragraph 63 of Plaintiffs' Complaint, Answering Defendants admit that on February 10, 2023, T.L was in seclusion for approximately ten minutes for kicking, hitting, grabbing, throwing objects, and otherwise posing danger of physical injury to himself and staff. Defendants further admit that T.L was in seclusion a second time on and off for two hours on February 10, 2023, for kicking staff, stomping on staff's feet,

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 12 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 12 of 25

throwing himself into the walls, punching and slapping staff, spitting at staff, grabbing staff, scratching and pulling hair of staff, climbing and jumping off desks, and otherwise posing danger of physical injury to himself and staff.  Defendants further admit that on the same date, T.L.'s special education teacher spoke at length with T.L.'s father about the behavior and seclusion, but that the written report containing the statutory information which was discussed in person with T.L.'s father was not provided to T.L.'s parent on the date of the incident.  Except as admitted, the remaining allegations are denied.

64.     With regard to paragraph 64 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

65.     With regard to paragraph 65 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

66.     With regard to paragraph 66 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

67.     With regard to paragraph 67 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

68.     With regard to paragraph 68 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

69.     With regard to paragraph 69 of Plaintiffs' Complaint, Answering Defendants assert the photographs speak for themselves.  With regard to the allegations remaining in the paragraph, Answering Defendants are without knowledge and information sufficient to

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 13 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 13 of 25

form a belief as to the truth of the allegations contained therein, and therefore denies the same.

70.     With regard to paragraph 70 of Plaintiffs' Complaint, Answering Defendants admit that Mr. Land requested to view video footage from March 7, 2023, and deny the remaining allegations contained therein.

71.     With regard to paragraph 71 of Plaintiffs' Complaint, Answering Defendants admit that on March 7, 2023, T.L. was never restrained.  Answering Defendants further admit that T.L. was seen twice on March 7, 2023 by the school nurse, Nathan Leake.  The first at 11:20 am for a temperature check, and the second time at 1:45 pm to evaluate lower back rug burn from T.L. sliding on the carpet.  The video speaks for itself.  To the extent not admitted, all other allegations in this paragraph are denied.

72.     With regard to paragraph 72 of Plaintiffs' Complaint, Answering Defendants admit that Mr. Land met with Ms. Harris on March 10, 2023, and that Ms. Harris provided Mr. Land copies of the Physical Restraint Seclusion Report 702C and accompanying documents for the seclusion events identified supra.  To the extent not admitted, all other allegations in this paragraph are denied.

73.     With regard to paragraph 73 of Plaintiffs' Complaint, Answering Defendants admit that Mr. Land viewed the video footage.  Defendants assert that the video speaks for itself, and deny the allegations in this paragraph that are inconsistent with the video footage.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 14 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 14 of 25

74.     With regard to paragraph 74 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

75.     With regard to paragraph 75 of Plaintiffs' Complaint, Answering Defendants admit that no restraint of seclusion occurred on March 7, 2023, and thus did not provide a written report of same.  The remaining allegations are denied.

76.     With regard to paragraph 76 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

## CLASS ACTION ALLEGATIONS

77.     With regard to paragraph 77 of Plaintiffs' Complaint, Answering Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

78.     With regard to paragraph 78 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, those allegations are denied.

79.     With regard to paragraph 79 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, those allegations are denied.

80.     With regard to paragraph 80 of Plaintiffs' Complaint, Answering Defendants denies the allegations contained therein.  Answering defendant specifically asserts that plaintiff has failed to meet the class requirements pursuant to Rule of Civil Procedure 23.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 15 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 15 of 25

81.     With regard to paragraph 81 of Plaintiffs' Complaint, Answering Defendants denies the allegations contained therein.  Answering defendant specifically asserts that plaintiff has failed to meet the class requirements pursuant to Rule of Civil Procedure 23.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR INJUNCTIVE RELIEF ON BEHALF OF STUDENT SUBCLASS AGAINST MSBSD – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

82.     With regard to paragraph 82 of Plaintiffs' Complaint, Answering Defendants reallege and incorporate by reference all of their responses to paragraphs 1-81 of Plaintiffs' Complaint as if fully restated herein

83.     With regard to paragraph 83 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

84.     With regard to paragraph 84 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, those allegations are denied.

85.     With regard to paragraph 85 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

86.     With regard to paragraph 86 of Plaintiffs' Complaint, Answering Defendants admits the allegation contained therein.

{01460289}
ANSWER
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 16 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 16 of 25

87.     With regard to paragraph 87 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

88.     With regard to paragraph 88 of Plaintiffs' Complaint, Answering Defendants assert the statements speak for themselves.

89.     With regard to paragraph 89 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

90.     With regard to paragraph 90 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

91.     With regard to paragraph 91 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

## SECOND CLAIM FOR INJUNCTIVE RELIEF ON BEHALF OF STUDENT SUBCLASS AGAINST MSBSD – VIOLATION OF TITLE II OF AMERICANS WITH DISABILITIES ACT

92.     With regard to paragraph 92 of Plaintiffs' Complaint, Answering Defendants reallege and incorporate by reference all of their responses to paragraphs 1-91 of the Plaintiffs' Complaint as if fully restated herein.

93.     With regard to paragraph 93 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

94.     With regard to paragraph 94 of Plaintiffs' Complaint, Answering Defendans admit the allegations.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 17 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 17 of 25

95.     With regard to paragraph 95 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

96.     With regard to paragraph 96 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

97.     With regard to paragraph 97 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

98.     With regard to paragraph 98 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

99.     With regard to paragraph 99 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statutes speak for themselves.

100.    With regard to paragraph 100 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, those allegations are denied.

101.    With regard to paragraph 101 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 18 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 18 of 25

102.    With regard to paragraph 102 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

103.    With regard to paragraph 103 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

104.    With regard to paragraph 104 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

### THIRD CLAIM FOR INJUNCTIVE RELIEF ON BEHALF OF PARENT SUBCLASS AGAINST MSBSD – VIOLATION OF AS 14.33.125(d)

105.    With regard to paragraph 105 of Plaintiffs' Complaint, Answering Defendants reallege and incorporate by reference all of their responses to paragraphs 1-104 of the Plaintiffs' Complaint as if fully restated herein.

106.    With regard to paragraph 106 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

107.    With regard to paragraph 107 of Plaintiffs' Complaint, Answering Defendants admit the first sentence of paragraph 107, and state no written report was required for the March 7, 2023 incident as no restraint or seclusion occurred that day.

108.    With regard to paragraph 108 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

### FOURTH CLAIM FOR DAMAGES ON BEHALF OF T.L. INDIVIDUALLY AGAINST ALL DEFENDANTS – VIOLATION OF 42 U.S.C. § 1983

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 19 of 25

Case 3:23-cv-00272-JMK    Document 8    Filed 02/05/24    Page 19 of 25

109. With regard to paragraph 109 of Plaintiffs' Complaint, Answering Defendants reallege and incorporate by reference all of their responses to paragraphs 1-108 of the Plaintiffs' Complaint as if fully restated herein.

110. With regard to paragraph 110 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the law speaks for itself.

111. With regard to paragraph 111 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the law speaks for itself.

112. With regard to paragraph 112 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, those allegations are denied.

113. With regard to paragraph 113 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

114. With regard to paragraph 114 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

115. With regard to paragraph 115 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

116. With regard to paragraph 116 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 20 of 25

Case 3:23-cv-00272-JMK    Document 8    Filed 02/05/24    Page 20 of 25

117.	With regard to paragraph 117 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

118.	With regard to paragraph 118 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

## FIFTH CLAIM FOR DAMAGES ON BEHALF OF T.L. INDIVIDUALLY AGAINST ALL DEFENDANTS – VIOLATION OF AS 14.33.125(d)

119.	With regard to paragraph 119 of Plaintiffs' Complaint, Answering Defendants reallege and incorporate by reference all of their responses to paragraphs 1-118 of the Plaintiffs' Complaint as if fully restated herein.

120.	With regard to paragraph 120 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

121.	With regard to paragraph 121 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

## SIXTH CLAIM FOR DAMAGES ON BEHALF OF T.L. INDIVIDUALLY AGAINST ALL DEFENDANTS – NEGLIGENCE

122.	With regard to paragraph 122 of Plaintiffs' Complaint, Answering Defendants reallege and incorporate by reference all of their responses to paragraphs 1-121 of the Plaintiffs' Complaint as if fully restated herein.

123.	With regard to paragraph 123 of Plaintiffs' Complaint, Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent the paragraph alleges culpable conduct, those allegations are denied.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 21 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 21 of 25

124.    With  regard  to  paragraph  124  of  Plaintiffs'  Complaint,  Answering Defendants assert the allegations contained therein state a legal conclusion to which no answer is required, but to the extent an answer is required, the statute speaks for itself.

125.    With  regard  to  paragraph  125  of  Plaintiffs'  Complaint,  Answering Defendants deny the allegations contained therein.

126.    With  regard  to  paragraph  126  of  Plaintiffs'  Complaint,  Answering Defendants deny the allegations contained therein.

127.    With  regard  to  paragraph  127  of  Plaintiffs'  Complaint,  Answering Defendants deny the allegations contained therein.

## SIXTH CLAIM FOR DAMAGES ON BEHALF OF T.L. INDIVIDUALLY AGAINST ALL DEFENDANTS – NEGLIGENCE

128.    With  regard  to  paragraph  128  of  Plaintiffs'  Complaint,  Answering Defendants reallege and incorporate by reference all of their responses to paragraphs 1-127 of the Plaintiffs' Complaint as if fully restate herein.

129.    With  regard  to  paragraph  129  of  Plaintiffs'  Complaint,  Answering Defendants deny the allegations contained therein.

130.    With  regard  to  paragraph  130  of  Plaintiffs'  Complaint,  Answering Defendants deny the allegations contained therein.

131.    With  regard  to  paragraph  131  of  Plaintiffs'  Complaint,  Answering Defendants deny the allegations contained therein.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 22 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 22 of 25

132.    With regard to paragraph 132 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

133.    With regard to paragraph 133 of Plaintiffs' Complaint, Answering Defendants deny the allegations contained therein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

By way of further answer, Answering Defendants plead the following affirmative and additional defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by the negligence or other culpable conduct of persons or entities other than the Answering Defendants, whether or not parties to this lawsuit, and fault must be apportioned to all such other persons or entities pursuant to AS 09.17.080.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the immunity provisions of AS 14.33.140 and 20 U.S.C. § 6731-37.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the immunity provisions of AS 09.65.070.

## FIFTH AFFIRMATIVE DEFENSE

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 23 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 23 of 25

Plaintiffs' claims, in whole or in part, are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to properly mitigate their damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

With respect to Plaintiffs' class action claims, the named plaintiffs are not appropriate representatives for any class action, and Plaintiffs have failed to meet the requirements for class certification under FRCP Rule 23(a) and (b).

## FURTHER AFFIRMATIVE DEFENSES

Answering Defendants reserve the right to assert whatever other affirmative defenses and/or counterclaims which may become available as discovery progresses.

WHEREFORE, having answered the Plaintiffs' Complaint, Answering Defendants pray that Plaintiffs' Complaint be dismissed with prejudice; that plaintiffs take nothing from Answering Defendants; that Answering Defendants are awarded their costs and attorney's fees incurred in defending this action; and for such other and further relief as this court deems just and equitable.

DATED this 5th day of February, 2024 at Anchorage, Alaska.

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 24 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 24 of 25

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Defendants


By: _ */s/Allison G. Strickland* _____
        Allison G. Strickland
        Alaska Bar No. 1005020



**CERTIFICATE OF SERVICE:**
This is to certify that a true and
correct copy of the foregoing was
served electronically on February 5, 2024
to the following:

Goriune Dudukgian
Nicholas Feronti
Aneliese Palmer
Northern Justice Project, LLC
406 G Street, Suite 207
Anchorage, AK 99501


*/s/ Jamie Pierson* _____
Jamie Pierson

{01460289}
**ANSWER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 25 of 25

Case 3:23-cv-00272-JMK   Document 8   Filed 02/05/24   Page 25 of 25