Megan N. Sandone
Allison G. Strickland
JERMAIN, DUNNAGAN & OWENS, P.C.
111 W. 16th Ave., Ste. 203
Anchorage, AK 99501
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
msandone@jdolaw.com
astrickland@jdolaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| L. SHANE LAND and CHRISTI ANGELO, individually and as the parents of T.L., a minor child, on behalf of themselves all those similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>MATANUSKA-SUSITNA BOROUGH SCHOOL DISTRICT, DAVID RUSSELL, ANGELA SNOW, and LAURA KELLY,<br><br>   Defendants. | Case No. 3:23-cv-00272-JMK |

**JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER**

The parties in this action, through their respective undersigned counsel, stipulate, agree, and jointly move for the entry of a Protective Order governing the disclosure of confidential information and documents containing confidential information during pretrial discovery, trial, and post-trial (such materials are hereinafter referred to as "CONFIDENTIAL"), as follows:

1. <u>Scope</u>. All documents or other tangible items produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. <u>Designation of Documents Subject to Protective Order</u>. The parties agree and stipulate that all documents or other information disclosed, furnished, or submitted, either voluntarily or pursuant to a court order, by any party to this litigation, which is designated in writing or stamped as "CONFIDENTIAL" (in such a manner that does not interfere with the legibility of the document) shall be regarded as CONFIDENTIAL under this Protective Order, unless otherwise agreed to by the parties in writing, or unless ordered otherwise by the Court.

3. <u>Documents Which May be Designated "CONFIDENTIAL</u>." Any party may designate documents as CONFIDENTIAL but only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, patient information, trade secrets, personnel records, education records, or commercial information.

{01486899}
**JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al*, Case No. 3:23-cv-00272-JMK
Page 2 of 9
Case 3:23-cv-00272-JMK   Document 12   Filed 03/25/24   Page 2 of 9

In the event any party has a good faith dispute concerning the designation of documents or other information as "CONFIDENTIAL," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved on an informal basis, the objecting party may petition the Court to determine whether the documents or information should be protected as CONFIDENTIAL pursuant to this Protective Order under Federal Rule of Civil Procedure 26(c) and/or other applicable law(s).

4. <u>Depositions</u>. Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL. Deposition testimony shall remain CONFIDENTIAL until fifteen (15) days after delivery of the transcript by the court reporter. Within fifteen (15) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated. Thereafter, those portions so designated shall be protected as CONFIDENTIAL pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the designation made on the record of the deposition.

5. <u>Protection of Confidential Material</u>.

    a. <u>General Protections</u>. Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5.b. for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

{01486899}
**JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al*, Case No. 3:23-cv-00272-JMK
Page 3 of 9

Case 3:23-cv-00272-JMK   Document 12   Filed 03/25/24   Page 3 of 9

b.  <u>Limited Third-Party Disclosures</u>.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs 1-8.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

1. <u>Counsel</u>.  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

2. <u>Parties</u>.  Parties and employees of a party to this Order;

3. <u>Court Reporters and Recorders</u>.  Court reporters and recorders engaged for depositions;

4. <u>Contractors</u>.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

5. <u>Deponents</u>.  Deponents during the course of their depositions, provided that the deponent is furnished a copy of this Order and agrees on the record to its terms.

6. <u>Witnesses</u>.  Witnesses listed on a party's final witness list, in preparation for trial or during trial.

7. <u>Consultants and Experts</u>.  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action; and

{01486899}
**JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al*, Case No. 3:23-cv-00272-JMK
Page 4 of 9
Case 3:23-cv-00272-JMK   Document 12   Filed 03/25/24   Page 4 of 9

8. <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Each third person described herein to whom CONFIDENTIAL documents are to be furnished, shown, or disclosed shall first be presented with a copy of this Order and agree to its terms. Such third-party disclosures are authorized only to the extent necessary to prosecute or defend this litigation.

c. <u>Control of Documents</u>. Counsel for the parties shall ensure there is no unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.

d. <u>Copies</u>. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

{01486899}
**JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al*, Case No. 3:23-cv-00272-JMK
Page 5 of 9
Case 3:23-cv-00272-JMK   Document 12   Filed 03/25/24   Page 5 of 9

e. <u>Different Versions</u>.  In the event that the parties disclose the same document, one version of which is designated as CONFIDENTIAL while the other is not, the parties may only use the version of the document that is marked CONFIDENTIAL.  Such use is governed by the terms of this Order.

6. <u>Unauthorized Disclosures</u>.  If documents marked CONFIDENTIAL are disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for this disclosure, and any other party or person who is subject to this order and learns of such disclosure, shall file a written report to the designating party and the court describing the unauthorized disclosure and the efforts made to remedy the issue.  Without prejudice to other rights and remedies of the designating party, the party or person responsible for the unauthorized disclosure shall make reasonable efforts to obtain the return or destruction of the confidential information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such confidential information.

7. <u>Court Filings</u>.  In the event any CONFIDENTIAL document must be filed with the Court prior to trial, the filing party shall in all respects follow the procedure set forth in Local Rule 7.3.

8. <u>Handling During Trial</u>.  CONFIDENTIAL documents may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by the designating party.

{01486899}
**JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al*, Case No. 3:23-cv-00272-JMK
Page 6 of 9

Case 3:23-cv-00272-JMK   Document 12   Filed 03/25/24   Page 6 of 9

9. <u>Handling After Trial</u>.  Within ninety (90) days of the conclusion of this litigation (including final judgment after appeal), all CONFIDENTIAL documents must either be returned to the designating party or destroyed.  If the receiving party elects to destroy CONFIDENTIAL documents instead of returning them to the designating party, it must so notify the designating party in writing.  All copies, extracts, or summaries that contain or constitute attorney work product shall be destroyed and the attorney for the receiving party shall certify in writing that all such copies, extracts, and summaries have been destroyed.  Receipt of returned CONFIDENTIAL documents shall be acknowledged in writing if such an acknowledgment is requested.

10. <u>No Implied Waivers</u>.  The entry of this order shall not be interpreted as a waiver of the right to object to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities.  Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action.

Pursuant to Federal Rule of Evidence 502(d), and subject to the provisos of Federal Rule of Evidence 502(a) and (b), disclosure of information or documents in connection with this litigation shall not, for the purposes of this litigation or any other proceeding in any other forum, constitute a waiver by the producing party of any privilege application to that information or those documents, including the attorney-client privilege, the protection of the work-product doctrine, or any other privilege or protection recognized by law.

{01486899}
**JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al*, Case No. 3:23-cv-00272-JMK
Page 7 of 9

Case 3:23-cv-00272-JMK   Document 12   Filed 03/25/24   Page 7 of 9

11. <u>No Admission</u>.  Neither this Order nor the designation of any item as CONFIDENTIAL shall be construed as an admission that such material, or any testimony concerning such material, is or would be admissible as evidence in this litigation or in any other proceeding.

12. <u>No Effect on Other Rights</u>.  This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to CONFIDENTIAL documents.

13. <u>Previously Disclosed Documents.</u> The parties agree that any documents designated as CONFIDENTIAL produced prior to entry of this Order will be afforded the same protections as if the documents had been produced subsequent to entry of the Order.

14. <u>Further Protection</u>.  Nothing in this Order shall preclude a party from seeking and obtaining from the Court a further protective order for any documents and information as to which such party believes this Order may be insufficient.

15. <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**STIPULATED AND AGREED:**

DATED: March 25, 2024  JERMAIN DUNNAGAN & OWENS, P.C.
 Attorneys for Defendants

 By: */s/Allison Strickland*
  Allison Strickland
  ABA# 1005020

{01486899}
**JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al*, Case No. 3:23-cv-00272-JMK
Page 8 of 9

Case 3:23-cv-00272-JMK   Document 12   Filed 03/25/24   Page 8 of 9

DATED: March 25, 2024          NORTHERN JUSTICE PROJECT, LLC
                               Attorneys for Plaintiff


                               By: */s/Goriune Dudukgian*
                                   Goriune Dudukgian
                                   ABA #0506051

{01486899}
**JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER**
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District, et al,* Case No. 3:23-cv-00272-JMK
Page 9 of 9

Case 3:23-cv-00272-JMK   Document 12   Filed 03/25/24   Page 9 of 9