Goriune Dudukgian, AK Bar No. 0506051
Nicholas Feronti, AK Bar No. 2106069
Aneliese Palmer, AK Bar No. 2201001
**NORTHERN JUSTICE PROJECT, LLC**
406 G Street, Suite 207
Anchorage, AK 99501
Tel: (907) 308-3395
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: nferonti@njp-law.com
Email: apalmer@njp-law.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| L. SHANE LAND and CHRISTI ANGELO, individually and as the parents of T.L., a minor child, on behalf of themselves all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MATANUSKA-SUSITNA BOROUGH SCHOOL DISTRICT, DAVID RUSSELL, ANGELA SNOW, and LAURA KELLY,<br><br>Defendants. | Case No. 3:23-cv-00272-SLG<br><br><br><br><br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF PARENT SUBCLASS CLAIM** |

COME NOW the parties, by and through their respective counsel of record, and pursuant to Federal Rule of Civil Procedure 23(e) jointly move this Court for preliminary approval of a settlement agreement that fully resolves the claim of the Parent Subclass.

### I.     RELEVANT BACKGROUND

This lawsuit challenges the Matanuska-Susitna Borough School District's ("MSBSD")

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF PARENT SUBCLASS CLAIMS
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District*
Case No. 3:23-cv-00272-SLG
Page 1 of 7

Case 3:23-cv-00272-SLG    Document 52    Filed 05/16/25    Page 1 of 7

use of restraint and seclusion on students with disabilities on behalf of two certified subclasses: The "Student Subclass" comprised of all current MSBSD students with an identified disability (including, but not limited to, students with an Individualized Education Plan or Section 504 plan) who have been subjected to a "restraint" or "seclusion" by District personnel,[1] and the "Parent Subclass" composed of all parents and legal guardians of current MSBSD students with an identified disability who have been restrained or secluded.[2] The Third Claim in Plaintiffs' complaint is the only one concerning the Parent Subclass. It alleges that MSBSD is violating AS 14.33.125(d) by failing to provide parents and guardians with a timely written report following an incident of restraint or seclusion.[3] The only relief sought by the Parent Subclass is "[a]n injunction requiring MSBSD to provide a student's parents or legal guardians with a written notice containing the information required under AS 14.33.125(d) on the same day as any incident of a restraint."[4]

The parties, through their respective counsel of record, engaged in arms' length negotiations with regard to the Parent Subclass claim. The negotiations took approximately two months to conclude. The parties were ultimately successful in reaching an agreement for stipulated injunctive relief that *fully* resolves the Parent Subclass claim. The terms of the settlement are memorialized in the *Stipulation and Partial Settlement Agreement Re: Parent*

---

[1] Doc. 41. The terms "restraint" and "seclusion" are defined in AS 14.33.125(g).

[2] Doc. 43.

[3] Doc. 1 at 31.

[4] *Id.* at 37.

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF PARENT SUBCLASS CLAIMS
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District*
Case No. 3:23-cv-00272-SLG
Page 2 of 7

Case 3:23-cv-00272-SLG    Document 52    Filed 05/16/25    Page 2 of 7

*Subclass* (hereinafter "Stipulation") filed contemporaneously with this motion. In summary, under the parties' proposed settlement, MSBSD will (i) verbally notify a student's parents or legal guardians of any incident involving a restraint or seclusion on the same school day;[5] (ii) provide a written report of any incident within three business days; (iii) track restraint/seclusion reports on its data management platform; and (iv) during the pendency of this lawsuit and for three years thereafter, provide periodic reports to Class Counsel that state the total number of written reports provided and the number of which were timely/untimely.

## II. ARGUMENT AND AUTHORITIES

Rule 23(e) provides that the claims asserted in a certified class action may not be settled without the court's approval. The purpose of requiring court approval is "to ensure that class counsel and the named plaintiffs do not place their own interests above those of the absent class members."[6] Approval under Rule 23(e) involves a two-step process in which the court first determines whether a proposed class action settlement deserves preliminary approval, and then, after holding a hearing, whether final approval should be granted.[7]

At the preliminary approval stage, "[the] decision to approve or reject a settlement

---

[5] The verbal notification will include (i) a description of the behavior(s) that prompted the restraint or seclusion; (ii) the duration of each restraint and seclusion; and (iii) whether the student was seen by a school nurse after the incident and any injuries observed by the nurse. Stipulation at ¶1.

[6] *Dennis v. Kellogg Co.*, 697 F.3d 858, 861 (9th Cir. 2012)

[7] *See, e.g., National Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (citation omitted); *see also* Fed. R. Civ. P. 23(e)(2) ("If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate . . . .").

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF PARENT SUBCLASS CLAIMS
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District*
Case No. 3:23-cv-00272-SLG
Page 3 of 7

Case 3:23-cv-00272-SLG     Document 52     Filed 05/16/25     Page 3 of 7

proposal is committed to the sound discretion of the trial judge."[8] The court "need not review the settlement in detail at this juncture; instead, preliminary approval is appropriate so long as the proposed settlement falls within the range of possible judicial approval."[9] The court merely conducts "a cursory review of the terms of the parties' settlement for the purpose of resolving any glaring deficiencies . . . ."[10] Preliminary approval should be granted where the proposed settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) does not grant improper preferential treatment to class representatives or other segments of the class; (3) falls within the range of possible approval; and (4) has no obvious deficiencies."[11]

Here, upon consideration of these factors, the proposed settlement should be granted preliminary approval. First, the Stipulation was negotiated at arms' length over the course of several months, by experienced attorneys on both sides,[12] who are well-versed in both education

---

[8] *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

[9] *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 4:20-cv-09077-JSW, 2024 U.S. Dist. LEXIS 216543, at *7 (N.D. Cal. Oct. 3, 2024) (citation omitted); *see also Hawkins v. Kroger Co.*, No. 15-cv-2320, 2021 U.S. Dist. LEXIS 124454, at *3 (S.D. Cal. July 2, 2021) ("At the preliminary approval stage, a full fairness analysis is unnecessary. Closer scrutiny is reserved for the final approval hearing.") (internal quotations and citations omitted).

[10] *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008).

[11] *Moore*, 2024 U.S. Dist. LEXIS 216543, at *8 (citations omitted); *see also Alberto*, 252 F.R.D. at 666 ("Essentially, the court is only concerned with whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys . . . .") (citation and quotation omitted).

[12] *See In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation."); *Nat'l Rural Telecom. Coop. v.*

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF PARENT SUBCLASS CLAIMS
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District*
Case No. 3:23-cv-00272-SLG
Page 4 of 7

Case 3:23-cv-00272-SLG   Document 52   Filed 05/16/25   Page 4 of 7

law and class action lawsuits.[13] Moreover, before reaching the agreement, Class Counsel engaged in significant fact discovery, which included reviewing more than 8,900 pages of documents produced by MSBSD and conducting a Rule 30(b)(6) deposition of the District on the issue of notice. Thus, the settlement was fully informed by an understanding of the underlying facts. Second, the Stipulation provides for injunctive relief that applies equally to all class members.[14] There is absolutely no preferential treatment of the class representatives or any particular segment of the Parent Subclass. Third, the settlement provides for significant injunctive relief that addresses the core notice claim of the Parent Subclass. The relief provided by the Stipulation will be monitored by Class Counsel and will ensure the District's future compliance with the notice requirements of AS 14.33.125(d). Thus, the settlement certainly falls within the range of possible approval. Finally, there is nothing in the Stipulation that would signal a glaring deficiency.[15] Therefore, this Court should grant preliminary approval of the Stipulation.[16]

---

*DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.") (citation and quotation omitted); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (explaining that class counsel's recommendation "should be given a presumption of reasonableness.").

[13] *See* Doc. 36-3 at ¶¶ 5-7.

[14] *See, e.g., Hart v. Colvin*, No. 15-CV-00623-JST, 2016 U.S. Dist. LEXIS 155799, at *9 (N.D. Cal. Nov. 9, 2016) ("When . . . the settlement provides for only injunctive relief . . . there is no potential for the named plaintiffs to benefit at the expense of the rest of the class . . . .") (citation and quotation omitted).

[15] *See, e.g., Zwicky v. Diamond Resorts Mgmt.*, 343 F.R.D. 101, 121 (D. Ariz. 2022) ("Obvious deficiencies in a settlement agreement include any subtle signs that class counsel have allowed pursuit of their own self-interests to infect the negotiations.") (citation and quotation omitted).

[16] Because the parties anticipate engaging in settlement discussions with regard to

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF PARENT SUBCLASS CLAIMS
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District*
Case No. 3:23-cv-00272-SLG
Page 5 of 7
Case 3:23-cv-00272-SLG   Document 52   Filed 05/16/25   Page 5 of 7

Finally, this Court should not require that notice of the settlement be sent to the individual members of the Parent Subclass. Notice to the class members is "optional" in a class action, like this one, that has been certified under Rule 23(b)(2).[17] "For any class certified under Rule 23(b)(1) or (b)(2), the court *may* direct appropriate notice to the class."[18] Indeed, the Supreme Court has affirmed that Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."[19]

"Courts within the Ninth Circuit have held that notice is not required in injunctive relief only class actions certified under Rule 23(b)(2)."[20] Because the Parent Subclass has not asserted any claim for monetary damages in this case, and the Stipulation provides only injunctive relief, this Court should dispense with the requirement for class notice.

### III. CONCLUSION

For the foregoing reasons, the parties jointly ask the Court to (1) grant preliminary approval of the Stipulation; (2) hold that notice of the settlement need not be provided to the

---

the claims of the Student Subclass also, the parties request that the Court defer the final approval hearing until the end of the case.

[17] *Zaldivar v. T-Mobile USA, Inc.*, No. C07-1695 RAJ, 2009 U.S. Dist. LEXIS 64091, at *5 (W.D. Wash. July 10, 2009).

[18] Fed. R. Civ. P. 23(c)(2)(A) (emphasis added).

[19] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011).

[20] *Toomey v. Arizona*, No. CV-19-00035-TUC-RM (MAA), 2023 U.S. Dist. LEXIS 175069, at *23 (D. Ariz. Sept. 28, 2023)) (citations omitted); *see also, e.g., Moore*, 2024 U.S. Dist. LEXIS 216543, at *11 (collecting cases).

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF PARENT SUBCLASS CLAIMS
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District*
Case No. 3:23-cv-00272-SLG
Page 6 of 7

Case 3:23-cv-00272-SLG     Document 52     Filed 05/16/25     Page 6 of 7

individual members of the Parent Subclass; and (3) defer the final approval hearing until the conclusion of this case.

DATED this 16th day of May, 2025.

                NORTHERN JUSTICE PROJECT, LLC
                Attorneys for Plaintiffs

                By: /s/ Goriune Dudukgian
                    Goriune Dudukgian, ABA No. 0506051
                    Nicholas Feronti, AK Bar No. 2106069
                    Aneliese Palmer, AK Bar No. 2201001

DATED this 16th day of May, 2025.

                JERMAIN DUNNAGAN & OWENS, P.C.
                Attorneys for Defendants

                By: /s/ Megan N. Sandone
                    Megan N. Sandone, ABA No. 1005026

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF PARENT SUBCLASS CLAIMS
*L. Shane Land, et al. v. Matanuska-Susitna Borough School District*
Case No. 3:23-cv-00272-SLG
Page 7 of 7

Case 3:23-cv-00272-SLG    Document 52    Filed 05/16/25    Page 7 of 7